# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2024

Lyle W. Cayce
Clerk

———————

No. 24-60008

———————

Armando Jose Chavez-Guevara; Juan Ronoel Chavez-Guevara,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 218 118,
A209 218 119

———————————————————

Before Jones, Barksdale, and Ho, *Circuit Judges*.

Per Curiam:[*]

Armando Jose Chavez-Guevara and Juan Ronoel Chavez-Guevara, brothers and citizens of El Salvador, petition for review of the Board of Immigration Appeals' (BIA) decision upholding the immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  Their applications expressed fear that

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

they would face gang violence if returned to El Salvador. But they fail to prove membership in a particular social group (PSG) to support their application for asylum and withholding. 8 U.S.C. § 1158(b)(1)(B)(i). They also fail to establish that the Salvadoran government would "more likely than not" acquiesce to gang torture. 8 C.F.R. § 1208.16(c)(2). We therefore deny their petition for review.

The Chavez-Guevara brothers, currently ages twenty-four and twenty-two, came to the United States as teenagers to flee violence and recruitment by M-18 gang members. As teens, they faced multiple instances of threats and intimidation from gang members, some of which they reported to the police. These events motivated the Chavez-Guevaras to seek protection in the United States as unaccompanied minors, where they were placed in removal proceedings by the Department of Homeland Security. The brothers were charged with and conceded to removability but sought asylum, withholding of removal, and protection under the CAT. Their asylum applications were based on membership in three PSGs: (1) young El Salvadoran males threatened and actively recruited by gangs, who resist because of opposition to those gangs, (2) young men in El Salvador resisting gang violence, and (3) young men who lack stable families and meaningful adult protection. The IJ and the BIA both found these asserted PSGs to be non-cognizable and thus denied asylum, withholding, and CAT protection. This petition for review ensued.

We review the final BIA decision and consider the IJ's decision only to the extent that it influenced the BIA. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021). Legal questions are reviewed de novo. *Id.* Factual determinations that individuals are not eligible for asylum, withholding of removal, or CAT protection are reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, the burden is on the applicant to prove "not only that the evidence

supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (emphasis in original) (quotations omitted).

As noted, the Chavez-Guevaras initially asserted three particular social groups. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); 8 U.S.C. § 1158(b)(1)(B)(i). But on appeal, they forfeit two groups and press only one: young men in El Salvador resisting gang violence. *See Norris v. Causey*, 860 F.3d 360, 373 n.10 (5th Cir. 2017) (noting that a party forfeits an argument by failing to adequately brief it). The BIA rejected this PSG for lack of particularity and distinct boundaries for group membership under this court's precedent.

In their briefing, the Chavez-Guevaras ask that we adopt the Third and Seventh Circuit's approach to interpreting "particular social group." *See Valdiviezo-Galdamez v. Attorney General*, 663 F.3d 582, 594–609 (3d Cir. 2011); *Gatimi v. Holder*, 578 F.3d 611, 614–617 (7th Cir. 2009). But we are bound by our own circuit precedent, which forecloses their arguments. *See Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012) (collecting cases where "we have rejected claims involving similar arguments that the refusal to join gangs can define a particular social group"). Because the Chavez-Guevaras lack a cognizable PSG, we need not consider their other arguments concerning nexus, persecution, or withholding of removal. *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693 (5th Cir. 2023) ("Because a PSG is an essential element of claims for asylum and withholding of removal, [the petitioners] cannot succeed on either claim.").

As for claims for protection under the CAT, the BIA correctly determined that the Chavez-Guevaras did not establish that it was more likely than not that the Salvadoran government would acquiesce to gang torture. As the BIA noted, the factual record does not compel a conclusion of acquiescence, given the strong efforts the government is taking to combat

No. 24-60008

gang violence.  *See Tabora Gutierrez v. Garland*, 12 F.4th 496, 504 (5th Cir. 2021) (finding that official failure or refusal to investigate gang torture does not compel conclusion of acquiescence).

Lastly, the Chavez-Guevaras request humanitarian asylum under 8 C.F.R. § 208.13(b)(1)(iii).  An applicant for humanitarian asylum must show past persecution or the reasonable possibility of serious harm upon removal. *Id.*  Neither the BIA nor the IJ addressed these claims.  "All claims not disposed of explicitly in a judgment are considered to have been implicitly rejected . . . ."  *Soffar v. Dretke*, 368 F.3d 441, 470 (5th Cir. 2004).  We see no substantial evidence in the record that compels a conclusion contrary to this denial.

For these reasons, we DENY Chavez-Guevaras' petition for review.